UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MANUEL R. PEREZ,**
    Petitioner,

  v.                   Case No. 10-C-0499

**MIKE DITTMANN, Warden,**
**Redgranite Correctional Institution,**
    Respondent.

---

## DECISION AND ORDER

Petitioner Manuel R. Perez was convicted in Milwaukee County Circuit Court of conspiracy to deliver more than forty grams of cocaine, see Wis. Stat. §§ 961.41(1)(cm)4 & 939.31, and sentenced to twenty-two years in state custody. He brings this habeas case pursuant to 28 U.S.C. § 2254, alleging that he received ineffective assistance of trial counsel.

### I. BACKGROUND

Perez's conviction arose out of the investigation of a large drug-trafficking operation involving the distribution of multiple kilograms of cocaine. One of the initial targets of the investigation was Perez's brother-in-law, Samuel Caraballo, who was thought to be the ultimate supplier of the cocaine. After the police obtained a court order authorizing a wiretap of Caraballo's cellular telephone, however, they came to believe that Caraballo obtained the cocaine from Perez.

At the conclusion of the investigation, the State of Wisconsin charged more than thirty individuals with various drug offenses. Many of these individuals would eventually plead guilty and agree to cooperate with the State against other members of the

conspiracy. Ultimately, Perez and two co-defendants went to trial. One of the co-defendants, Brenda Caraballo, was Perez's wife (and Samuel Caraballo's sister). The other defendant, Maria Rivera, was Samuel Caraballo's cousin.

The trial lasted two weeks and involved many witnesses. However, the issues involved in this habeas case revolve around the testimony of two witnesses. The first is City of Milwaukee Detective Gerald Stanaszak, the lead investigator in the case. Stanaszak testified a number of times during the trial and in different capacities, but the issues involved in this case concern his testimony as an expert in "narcotics investigations" and "large-scale drug conspiracies." (Ex. H, R. 82 at 39-40.)[1] Most of this testimony involved opinions about the meanings of drug code-words and other ambiguous terminology used by the co-conspirators during the recorded telephone conversations. Stanaszak's opinions about the meanings of drug code-words were based on his years of experience as a narcotics investigator. However, his opinions about the other ambiguous terminology – terminology that was not necessarily drug code – were based on both his general experience as a narcotics investigator and his knowledge of the specific surveillance conducted during the course of the investigation leading up to the charges against Perez. For example, at one point Stanaszak opined that when Samuel Caraballo used the term "brother-in-law" in a recorded conversation, he was referring to Perez, even though Caraballo had more than one brother-in-law. The basis for this opinion was that Stanaszak had learned throughout the course of the investigation that when Caraballo said "bother-in-law" he was referring to Perez. (Ex. H, R. 90 at 64.) On habeas review, Perez

---

[1]Citations to exhibits are to the exhibits attached to the respondent's answer, Docket ##9-11.

contends that his trial counsel was ineffective because he failed to properly object to the admission of opinions based on Stanaszak's knowledge of the investigation rather than his general experience with narcotics code-words. Perez argues that, in failing to object to these opinions, his trial counsel essentially allowed Stanaszak to act as a summation witness who presented the prosecution's closing argument to the jury under the guise of expert testimony.

The other witness whose testimony matters for purposes of this case is Samuel Caraballo. As part of a plea bargain, Caraballo agreed to testify against Perez. But when he was called to testify at trial, he reneged on the deal and refused to implicate Perez in the conspiracy. The prosecution responded by calling Stanaszak to testify about several statements Caraballo had made to him during the course of the investigation, in which Caraballo stated that Perez was the source of the cocaine. Perez contends that once the prosecution introduced evidence of Caraballo's prior statements to Stanaszak, his lawyer should have responded by offering evidence of the other statements Caraballo had made to Stanaszak, in which Caraballo did not identify Perez as a member of the conspiracy.

The remaining issue in this case involves the trial court's jury instructions. The court instructed the jury that Perez was charged with "conspir[ing] with others for the purpose of committing the crime of delivery of a controlled substance-cocaine, more than forty grams." (Ex. B ¶ 12.) It further instructed the jury that "[t]he burden of establishing every fact necessary to constitute guilt is upon the State," and that "[b]efore you can return a verdict of guilty, the evidence must satisfy you beyond a reasonable doubt that the particular defendant is guilty." (Id.) The trial court also read the verdict forms to the jury. The first form provided:

3

> We, the jury, find the defendant, Manuel Perez, guilty of Conspiracy to Deliver a Controlled Substance – Cocaine, as charged in the Information.
>
> If you find the defendant guilty, you must answer the following question "yes" or "no":
>
> Was the amount of the cocaine, including the weight of any other substance or material mixed or combined with it, more than 40 grams?

(Id. (Emphasis removed).) The jury returned this form and answered the question "yes." Perez argues that the court's instructions did not adequately instruct the jury that they could answer the question "yes" only if they found beyond a reasonable doubt that the weight of the cocaine was more than forty grams. He argues that his trial counsel was ineffective for failing to object to this defect in the instructions.

During his direct appeal, Perez raised the claims discussed above. However, the Wisconsin Court of Appeals (the highest court to consider the appeal, since the Wisconsin Supreme Court declined review) found that Perez had inadequately briefed the claims involving counsel's failure to object to Stanaszak's opinion testimony and his failure to introduce Caraballo's other prior statements. For that reason, it did not consider the merits of those claims. The court did, however, consider the merits of the ineffective-assistance claim involving the jury instructions, and it found that the instructions were adequate and that counsel was not ineffective in failing to object to them.

## II. DISCUSSION

### A. Failure to Object to Stanaszak Opinion Testimony

Respondent argues that Perez procedurally defaulted this claim by inadequately briefing it during his direct appeal. Under the procedural-default doctrine, a federal court will not review a federal claim if the state-court decision rests on a state procedural rule

4

Case 2:10-cv-00499-LA   Filed 09/14/11   Page 4 of 12   Document 19

that is independent of the federal question and adequate to support the judgment. See, e.g., Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). A state procedural ground is independent if it was expressly relied on by the state court in rejecting the claim, and it is adequate if it is a clearly established and consistently followed state practice at the time it is applied. Johnson v. Thurmer, 624 F.3d 786, 789 (7th Cir. 2010). Procedure applied in an unprincipled, inconsistent, or freakish manner is inadequate and will not preclude federal habeas review. Id.

Here, the Wisconsin Court of Appeals unambiguously disposed of Perez's ineffective-assistance claim involving the failure to object to Stanaszak's opinion testimony on the basis of a state procedural rule providing that an appellate court may decline to address the merits of a claim when that claim is inadequately briefed. See Ex. B, ¶ 9 (citing State v. Pettit, 171 Wis. 2d 627, 646 (Ct. App. 1992)). The court found that Perez's brief was deficient because it did not identify the specific testimony to which Perez's lawyer should have objected, thus preventing the court from determining whether that specific testimony was improper and, if it was, whether its admission was harmless error. Perez argues that the state court was wrong to conclude that this claim was inadequately briefed. He points out that he devoted twelve pages of his opening brief and eight pages of his reply brief to a discussion of this claim, and that he cited specific passages from the trial transcript in his briefs.[2]

---

[2]Perez also notes that respondent has not cited a case holding that a failure to adequately brief a claim can count as a procedural default. However, Perez does not develop an argument supporting a distinction between a state procedural rule regarding inadequate briefing and any other state procedural rule, and numerous courts have found that a failure to adequately brief a claim can result in a procedural default. See Clay v. Norris, 485 F.3d 1037, 1038-41 (8th Cir. 2007); Vonberg v. Turley, No. 2:09-CV-1027 DB,

5

Initially, I note that it is not clear what Perez hopes to accomplish by arguing that the state court wrongly concluded that this claim was inadequately briefed. In general, "the question of whether the state court properly applied its state procedural rules is a matter of state law, and may not, as a matter of comity and federalism, be reviewed by a federal court in a habeas case." Coleman v. O'Leary, 845 F.2d 696, 700 (7th Cir. 1988). Thus, a mere error in applying a state procedural rule does not preclude a finding of procedural default. Although a federal court will not defer to a state procedural rule that has been applied in an "unprincipled, inconsistent, or freakish manner," Johnson, 624 F.3d at 789, Perez does not attempt to show that the state rule was so applied in the present case.

In any event, the state court did not apply the inadequate-briefing rule in an unprincipled, inconsistent, or freakish manner. Having attempted to make sense of Perez's claim myself, I can see why the court would have found that the claim had been inadequately briefed. Put simply, it's hard to put one's finger on exactly what Perez thinks his counsel did wrong. To be sure, it's clear that Perez thinks that any opinion testimony by Stanaszak that was not limited to translating drug code-words was inadmissible, but trial counsel (along with counsel for the co-defendants) did object to much of Stanaszak's testimony on that exact ground,[3] and the trial judge made a detailed ruling as to the proper

---

2011 WL 573409, at *1-2 (D. Utah Feb. 15, 2011); Hamilton v. Thurmer, No. 08-C-1007, 2010 WL 890062, at *6 (E.D. Wis. March 9, 2010); Carey v. Warden, N. New Hampshire Corr. Facility, No. 07-cv-380-SM, 2009 WL 1650477, at *5 (D.N.H. June 10, 2009); Barnett v. Boatwright, No. 08-cv-0265-bcc, 2008 WL 4534353, at *5 (W.D. Wis. Oct. 3, 2008); Curry v. Farrey, No. 06-C-124, 2007 WL 2220275, at *2-4 (E.D. Wis. Aug. 1, 2007).

[3]Although the trial lawyers never objected to Stanaszak's testimony on the ground that it was improper opinion testimony, they objected to the testimony as cumulative, speculative, and lacking foundation. Their supporting arguments and the trial court's comments make clear that these objections were based on the concerns mentioned by the

6

scope of Stanaszak's testimony based on trial counsel's objections.[4] (Ex. H., R. 90 at 75:15 to 78:8.) Later, when Stanaszak started to veer into territory that the judge had placed off limits and defense counsel renewed his objection, the judge held a sidebar and reminded Stanaszak and the prosecutor to stay within the scope of his ruling. (Ex. H, R. 91 at 59:18 to 63:24.)

In light of the trial judge's ruling and the fact that trial counsel did object on the grounds now raised by Perez, it seems that what Perez is complaining about is his counsel's failure to make an objection each and every time Stanaszak offered testimony that fell within the territory that the trial judge had placed off limits. But if that's the case, to properly brief this claim Perez would have had to have done two things: identify the places in the trial transcript where trial counsel failed to object to testimony that fell outside of the trial judge's ruling, and show that had that specific testimony been objected to and excluded, Perez would have stood a reasonable chance of being acquitted. See Strickland v. Washington, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Perez did neither of these things. Although he did point to some specific testimony, almost all the cited testimony involved instances in which trial counsel objected to Stanaszak's testimony.[5] Further, to the extent that Perez

---

Second Circuit in United States v. Dukagjini, 326 F.3d 45 (2d Cir. 2003), which is the case that forms the basis for Perez's current objection to Stanaszak's opinion testimony.

[4]Perez does not argue that the trial judge's ruling was erroneous or that, if it was, counsel was deficient in failing to take exception to it.

[5]Perez contends that trial counsel objected on the wrong grounds, but the grounds asserted – speculation, cumulative, and lack of foundation – were grounds that the trial

7

identified testimony that was not objected to, he did not attempt to show that if that <u>specific</u> testimony had been objected to and excluded, the result of the proceeding might have been different. Instead, Perez argued <u>generally</u> (i.e., without differentiating between testimony that fell within the scope of allowable testimony, as defined by the trial judge; testimony that counsel actually objected to; and testimony that was outside the scope but not objected to), that Stanaszak's testimony was prejudicial.

In sum, I cannot say that there was anything unprincipled, inconsistent, or freakish about the manner in which the state court applied the inadequate-briefing rule. Perez has therefore procedurally defaulted this claim. As he does not attempt to show cause for and prejudice stemming from that default, or that a denial of relief would result in a miscarriage of justice, <u>see</u> <u>Lewis v. Stearnes</u>, 390 F.3d 1019, 1026 (7th Cir. 2004), federal review of this claim is barred.

**B.     Failure to Introduce Prior Statements by Caraballo**

At trial, after Caraballo testified that he did not know whether Perez was the supplier of the cocaine, the prosecutor called Detective Stanaszak to testify about statements that Caraballo had made to him during the course of the investigation, in which Caraballo identified Perez as the supplier. (<u>See, e.g.</u>, Ex. H, R. 87 at 74:14 to 74:21.) These statements by Caraballo were properly admitted as prior inconsistent statements under Wis. Stat. § 908.01(4)(a)1. During Caraballo's first two meetings with Stanaszak, however, Caraballo gave statements in which he did not identify Perez as a member of the conspiracy. Perez argues that once the prosecution introduced evidence of the

---

judge had identified as the grounds for his ruling on the proper scope of Stanaszak's testimony. (Ex. H, R. 91 at 62:10 to 62:12.)

incriminating prior statements, his trial counsel should have introduced evidence of the prior statements in which Caraballo did not incriminate Perez, and that his failure to do so constituted ineffective assistance of counsel.

During Perez's direct appeal, the Wisconsin Court of Appeals disposed of this claim on the ground that it had been inadequately briefed. The court understood Perez to be arguing that Caraballo's initial statements to Stanaszak were admissible as prior consistent statements under Wis. Stat. § 908.01(4)(a)2.[6] The court then noted that to be admissible as a prior consistent statement, a statement must be "offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." The court determined that Perez's claim was inadequately briefed because Perez did not identify any motive for Caraballo to lie about Perez's involvement in the conspiracy that arose between the time he made the initial statements and the time he made the statements implicating Perez. Thus, reasoned the court, since Perez had failed to show that the initial statements were admissible as prior consistent statements, he had failed to show that his trial counsel was deficient in failing to introduce them.

---

[6]In his direct appeal, Perez also argued that Caraballo's initial statements were admissible as prior inconsistent statements because they were inconsistent with his later statements, even though they were consistent with his trial testimony. However, Perez cited no authority for the proposition that, under Wisconsin law, a prior statement by a witness that is inconsistent with another prior statement by that witness but consistent with the witness's trial testimony is admissible as a prior inconsistent statement. Moreover, the plain text of the Wisconsin rule states that a prior inconsistent statement is admissible if the witness "testifies at the trial" and the statement is "[i]nconsistent with the declarant's testimony." See Wis. Stat. § 908.01(4)(a)1. Thus, because Caraballo's initial statements were consistent rather than inconsistent with his trial testimony, the court of appeals appropriately limited its discussion to whether the initial statements were admissible as prior consistent statements.

9

In the present case, respondent argues that the court of appeals's finding of inadequate briefing results in a procedural default. Again, Perez argues that there was no procedural default because the state court's conclusion that his briefs were inadequate was erroneous. As I explained above, however, I may not review whether the state court's interpretation of its own procedural rule was erroneous. Rather, I am limited to determining whether the rule was applied in an unprincipled, inconsistent, or freakish manner. And once again, I cannot say that the rule was so applied. The basis for the court's finding of inadequate briefing was Perez's failure to identify a motive for Caraballo to lie about Perez's participation in the conspiracy that arose between the time of the initial statements and the time of the statements incriminating Perez. I have reviewed the briefs that Perez filed during his direct appeal, and it is indeed the case that Perez did not identify any such motive. In his briefs in this court, Perez suggests that the prosecution may have offered Caraballo a plea deal in exchange for implicating Perez during the interim between the statements, and that it was this deal that gave Caraballo a motive to lie about Perez's involvement in his later statements. However, Perez did not make this suggestion during his direct appeal, and in any event there is no evidence that supports it. Thus, this ineffective-assistance claim has been defaulted.

## C.     Failure to Object to Jury Instructions

Perez's final ineffective-assistance claim is that his trial counsel was ineffective in failing to object to the jury instructions, which in Perez's view did not clearly state that the jury had to find the weight of the cocaine beyond a reasonable doubt.[7] The state court

---

[7]In his habeas petition, Perez also claims that the unobjected-to defect in the jury instructions deprived him of due process because it relieved the prosecution of the burden

10

decided this claim on the merits, and so the standard of review of 28 U.S.C. § 2254(d)(1) applies. This means that I may grant relief only if the state court's decision was "contrary to" or "involved an unreasonable application of" clearly established federal law, as determined by the Supreme Court.

The Wisconsin Court of Appeals determined that the jury instructions as a whole adequately informed the jury that it had to find the that the weight of the cocaine was more than forty grams beyond a reasonable doubt, and this determination was not contrary to or an unreasonable application of any Supreme Court caselaw. Although the instructions did not expressly state that the prosecution had the burden to prove the weight of the cocaine beyond a reasonable doubt, they did state that the prosecution was required to prove every fact necessary to constitute guilt beyond a reasonable doubt, and nothing in the instructions implied that the weight was a fact that was exempt from this requirement.

The Wisconsin Court of Appeals also determined that Perez was not prejudiced by his counsel's failure to object to the instructions because the evidence left no doubt that the amount of cocaine involved in the conspiracy was well over forty grams. This determination was not contrary to, and did not involve an unreasonable application of, Supreme Court caselaw. At trial, there was no dispute that the conspiracy involved the distribution of multiple kilograms of cocaine, and there was not even a shred of evidence suggesting that the weight of the cocaine was less than forty grams. Thus, there is no realistic probability that the outcome of the proceeding would have been different had

---

of proving every element of the offense beyond a reasonable doubt. However, because Perez did not object to the jury instructions at trial, this due-process claim has been procedurally defaulted. Thus, I consider only whether Perez's trial counsel was ineffective in failing to object to the instructions.

Perez's counsel insisted on the trial court giving an instruction stating that the prosecution had the burden of establishing the weight of the cocaine beyond a reasonable doubt.

## III.  CONCLUSION

For the reasons stated, **IT IS ORDERED** that Perez's application for writ of habeas corpus is **DENIED**.  The Clerk of Court shall enter final judgment.  Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 14th day of September 2011.

s/_____
LYNN ADELMAN
District Judge